# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DUSTIN D. GIFFORD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-16-685-F ) |
| MS. THOMAS, et al., | ) ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Plaintiff, appearing pro se, submitted to this Court for filing a civil rights complaint and amended complaint pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. The matter has been referred by United States District Judge Stephen P. Friot for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C).

By Order [Doc. No. 8] dated July 11, 2016, Plaintiff was granted leave to proceed in forma pauperis and directed to pay an initial partial filing fee of $2.40 on or before August 1, 2016. Plaintiff was further advised that failure to timely pay the initial partial filing fee could result in the dismissal of this action without prejudice to refiling. Plaintiff failed to cure the deficiencies by August 1, 2016.

By Order [Doc. No. 9] dated August 8, 2016, rather than recommending dismissal of the action, the Court sua sponte gave Plaintiff additional time until August 22, 2016, within which to pay the initial filing fee of $2.40. Plaintiff was again advised that failure to comply with the terms of the Order could result in dismissal of this action without prejudice to refiling.

A review of the Court file reveals that as of this date, Plaintiff has failed to comply with the Court's previous orders. Plaintiff has not paid the initial partial filing fee, requested an extension of time or demonstrated good cause for his failure to comply. Thus, the action is

subject to dismissal without prejudice to refiling. *See* 28 U.S.C. § 1914; LCvR 3.2, 3.3 and 3.4; *see also AdvantEdge Business Group v. Thomas E. Mestmaker & Assocs.,* 552 F.3d 1233, 1236 (10th Cir. 2009) ("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules.") (citation omitted); *Lucky v. Hargett*, No. 97-6161, 1997 WL 603780 at * (10th Cir. Oct. 1, 1997) (unpublished op.) (upholding dismissal of § 1983 claim for failure to make initial payment on the filing fee). Where, as here, a dismissal is without prejudice, the court generally need not follow any "particular procedures" in entering the dismissal order. *AdvantEdge*, 552 F.3d at 1236. Accordingly, Plaintiff's action should be dismissed without prejudice to refiling.

## **RECOMMENDATION**

For the reasons set forth above, it is recommended that Plaintiff's action be dismissed without prejudice.

## **NOTICE OF RIGHT TO OBJECT**

Plaintiff is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by September 13, 2016. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this 23rd day of August, 2016.

BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE